USCA1 Opinion

 

 May 30, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1061 UNITED STATES, Appellee, v. EMELIO SEVERINO-CANDELARIA, A/K/A JULIO, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Joseph L. Tauro, Chief U.S. District Judge] _________________________ ____________________ Before Torruella, Chief Judge, ___________ Boudin and Lynch, Circuit Judges. ______________ ____________________ Raymond E. Gillespie on brief for appellant. ____________________ Donald K. Stern, United States Attorney, and Michael J. Pelgro, ________________ _________________ Assistant United States Attorney, on brief for appellee. ____________________ ____________________ Per Curiam. We have carefully reviewed defendant's __________ appellate arguments, and, finding no merit in them, we affirm the sentence imposed by the district court. Contrary to defendant's first argument, both the form and the substance of the district court's findings adequately support the two-level enhancement under USSG 3B1.1(c). Specifically, the formal requirement of 18 U.S.C. 3553(c) was satisfied by the district court's adoption of the unambiguous and undisputed PSR. That report indicated that defendant committed to and executed the sales by himself and through others, supplied the drugs, and supervised or directed at least one other person (e.g., "Anna" and Mota), ____ so that defendant's role in the offense was properly characterized as supervisory or managerial. See United ___ ______ States v. Schrader, 56 F.3d 288, 293-94 (1st Cir. 1996); ______ ________ United States v. Morillo, 8 F.3d 864, 872 (1st Cir. 1993). _____________ _______ Further, we find no clear error in the district court's rejection of defendant's claim for an extra reduction under USSG 3E1.1(b)(2). Defendant only indicated a conditional agreement to plead guilty some six months after his arraignment and when the government was already prepared for trial; he renounced the agreement that was subsequently negotiated; and he did not enter his plea until some ten months after arraignment. Those facts support the conclusion that defendant's notification of intent to plead guilty was -3- not "timely" for the purpose of 3E1.1(b)(2). See United ___ ______ States v. Morillo, 8 F.3d 864, 872 (1st Cir. 1993).  ______ _______ Affirmed. See 1st Cir. Loc. R. 27.1. ________ ___ -4-